**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **No. 21-CV-1755** |
| **$5,230,918.26 IN UNITED STATES CURRENCY SEIZED FROM TD BANK ACCOUNT # 432-9634011,** | : | |
| **$542,529.50 IN UNITED STATES CURRENCY SEIZED FROM NUVEI TECHNOLOGIES,** | : | |
| **$20,020.00 IN UNITED STATES CURRENCY,** | : | |
| **$1,190.00 IN UNITED STATES CURRENCY,** | : | |
| **$20,850.00 IN UNITED STATES CURRENCY,** | : | |
| **$80,000.00 IN UNITED STATES CURRENCY,** | : | |
| **$62,920.00 IN UNITED STATES CURRENCY,** | : | |
| **$294,971.33 IN UNITED STATES CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT # 3250 9092 0626,** | : | |
| **$446,428.56 IN UNITED STATES CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT # 3251 0986 9791,** | : | |
| **$173,250.00 IN UNITED STATES CURRENCY SEIZED FROM F&A FEDERAL CREDIT UNION ACCOUNT # 639700, and** | : | |
| **MISCELLANEOUS VEHICLES SEIZED FROM BILL OMAR CARRASQUILLO,** | : | |
| **Defendants In Rem.** | : | |

**GOVERNMENT'S RESPONSE TO**
**MOTIONS TO STAY PROCEEDINGS**

## I. Preliminary Statement

The Government respectfully submits this memorandum of law in response to the motions of Jesse Gonzales and Jennifer Gonzales (ECF No. 3), and Bill Omar Carrasquillo (ECF No. 6), requesting a stay of the proceedings pursuant to 18 U.S.C. § 981(g)(2) in this civil forfeiture case. The government does not, in principle, oppose a stay in this matter. At this stage, however, Jesse and Jennifer Gonzales, as well as Bill Omar Carrasquillo, lack standing to request a stay because they have not yet filed verified claims setting forth their interest in the property at issue in this case or answers to the complaint, and are not yet parties to this litigation. As a result, the Court should deny their motions until they have submitted verified claims and answers that comply with Supplemental Rule G(5) of the Federal Rules of Civil Procedure.

## II. Background

On April 14, 2021, pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, Plaintiff United States of America filed a civil forfeiture complaint against certain Defendant Currency and certain Defendant Vehicles, known collectively as the "Defendant Property" (ECF No. 1). According to the civil forfeiture complaint, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 2323(a), because the property was either: (1) involved in, or traceable to, a transaction or attempted transaction that constituted money laundering, in violation of 18 U.S.C. § 1957, or (2) constituted, or was derived from, proceeds of a copyright infringement scheme, or was used or intended to be used to facilitate such a scheme.

On April 15, 2021, pursuant to Supplemental Rule G(4) of the Federal Rules of Civil Procedure, the government served notice of the judicial forfeiture action on all known parties

who reasonably appeared to be potential claimants, including Jesse and Jennifer Gonzales, and Bill Omar Carrasquillo. The government served notice of the judicial forfeiture complaint upon Jesse Gonzales and Jennifer Gonzales, through their counsel, as well as Bill Omar Carrasquillo, through his counsel.

The direct notice sent to counsel explained that any verified claims to the property subject to the forfeiture complaint would need to be filed within thirty-five days from the date of the notice. As the notice letter was sent on April 15, 2021, any claim to the civil forfeiture complaint would have been due by May 20, 2021. By agreement of the parties, counsel for Jesse and Jennifer Gonzales, as well as counsel for Bill Omar Carrasquillo, was granted an additional thirty days to file a claim to the civil forfeiture complaint, which re-set the deadline to June 19, 2021. On June 11, 2021, pursuant to 18 U.S.C. § 981(g)(2), Jesse Gonzales and Jennifer Gonzales filed an Amended Motion To Stay Proceedings. (ECF No. 3). On June 17, 2021, pursuant to 18 U.S.C. § 981(g)(2), Bill Omar Carrasquillo filed a Motion To Stay Proceedings. (ECF No. 6). But, they did not file any verified claims, or answer to the complaint, pursuant to Supplemental Rule G(5) of the Federal Rules of Civil Procedure.

## III. <u>Argument</u>

A claimant seeking a stay under 18 U.S.C. § 981(g)(2) must comply with the requirements of Section 981(g)(2). A claimant must also have both Article III and statutory standing to contest the forfeiture. *United States v. $410,000.00 in U.S. Currency*, 2007 WL 4557647, at *5 (D.N.J. Dec. 21, 2007) ("The Court concludes, however, that to have 'standing to assert a claim,' a claimant seeking a stay must have statutory standing and also make a prima facie show[ing] that he has Article III standing to contest the forfeiture."). Because neither Jesse and Jennifer Gonzales, nor Bill Omar Carrasquillo have not made a claim or filed an answer,

they have not complied with the requirements of Section 981(g)(2), and they have failed to establish that they have Article III and statutory standing. Their requests for a stay should therefore be denied.

**A. Jesse Gonzales, Jennifer Gonzales, and Bill Omar Carrasquillo Have Failed to Comply with Section 981(g)(2).**

Title 18 U.S.C. § 981(g)(2) provides that a Court must stay a civil forfeiture proceeding upon the motion of a claimant only if the court determines that each claimant has established that: (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.[1]

Section 981(g)(2) is clear: a motion to stay can only be filed by a "claimant," and a stay may only be granted if all three conditions are met. Indeed, courts must "make express findings of fact and conclusions of law concerning the existence of the statutory prerequisites." *Id. See also, United States v. $410,000.00 in U.S. Currency*, 2007 WL 4557647, at *5 (D.N.J. 2007) (under Section 981(g)(2), the claimant cannot request a stay without first demonstrating both statutory and Article III standing to contest the forfeiture); *United States v. $1,026,781.61 in Funds from Florida Capital Bank*, 2011 WL 1591812, at *2 (C.D. Cal. Apr. 25, 2011) (under Section 981(g)(2), claimant must show that he has standing to contest the civil forfeiture, that there is a related criminal case, and that proceeding with the civil case would burden claimant's Fifth Amendment rights). If any one of the conditions listed in Section 981(g)(2) is not met, a stay cannot be granted.

[1] While courts generally have the power to stay a pending matter, "that inherent discretion has been circumscribed" in forfeiture cases by the plain language of 18 U.S.C. § 981(g)(2). *United States v. $9,041,598.68 (Nine Million Forty One Thousand Five Hundred Ninety Eight Dollars & Sixty Eight Cents)*, 163 F.3d 238, 251 (5th Cir. 1998).

Here, Jesse Gonzales, Jennifer Gonzales, and Bill Omar Carrasquillo are not "claimants" under the statute, because they have not filed claims. And, as described below, they have not established that they have standing to assert a claim, or that continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case. Their requests for a stay should therefore be denied without prejudice.

**B. Jesse Gonzales, Jennifer Gonzales, and Bill Omar Carrasquillo Have Failed to Demonstrate Standing.**

Standing is especially significant in civil forfeiture cases. In civil forfeiture cases, the Government is the plaintiff, the property is the defendant, and the claimant, when he or she files a claim, is an intervenor seeking to challenge the forfeiture action. *See United States v. All Funds in Account Nos. 747.034/278 Banco Espanol de Credito*, 295 F.3d 23, 25 (D.C. Cir. 2002). As an intervenor, the claimant must first establish that he or she has a sufficient interest in the property that the law will recognize in order to invoke the court's jurisdiction. If the claimant does not have a real and personal interest in the property that the law will recognize, there is no "case or controversy," and consequently no basis for the court to exercise jurisdiction under Article III of the Constitution or the relevant statutes. *See e.g., United States v. Contents of Accounts Nos. 3034504504 and 144–07143 at Merrill Lynch*, 971 F.2d 974, 984-88 (3d Cir. 1992); *$410,000.00 in U.S. Currency*, 2007 WL 4557647, at *5. For that reason, a claimant's Article III, prudential, and statutory standing are threshold issues in every civil forfeiture case. *Id.*

As stated above, the statute governing stays in civil forfeiture cases mandates that a party become a claimant and establish standing to assert that claim in order to be eligible for a stay. 18 U.S.C. § 981(g)(2)(B). Along with Article III standing, statutory standing "is a threshold issue" that a claimant in a forfeiture proceeding must establish before the court can grant claimant's

request to stay proceedings under 18 U.S.C. § 981(g)(2).  *United States v. $229,590.00 in U.S. Currency Seized from a Safe in the Home of Dallas Cty. Com'r Price*, 2012 WL 4354814, at *2 (N.D. Tex. Sept. 24, 2012).  Courts, including the Third Circuit, "have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing." *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp. 2d 335, 339 (D.N.J. 2010) (citations omitted).

To contest the forfeiture of property, a person claiming to be an owner must proceed "in the manner set forth in [Supplemental Rule G]."  18 U.S.C. § 983(a)(4)(A) and (B).  Supplemental Rule G sets out detailed procedural requirements for each step that a person seeking to challenge the forfeiture of property must follow.  A claimant must file a claim in which the claimant asserts his or her interest in the defendant property and then an answer to the complaint.  Supp. R. G(5)(a)(i) and (b); 18 U.S.C. § 983(a)(4)(A).

Here, no party has yet filed a claim or an answer to the pending civil forfeiture action.  Therefore, there has been no assertion that either Jesse Gonzales, Jennifer Gonzales, or Bill Omar Carrasquillo is the owner of any of the Defendants in rem, nor is there anything to indicate that any party exercises dominion or control over any of the Defendants in rem.  *See United States v. $1,231,349.68 in Funds*, 227 F.Supp.2d 130, 133 (D.C. 2002) ("The Court does not need to determine whether Mr. Sampedro meets the requirements of Section 981(g)(2) because the language of the statute makes clear that only a claimant to a civil forfeiture action may seek a stay of the proceedings under this provision"); *United States v. $2,000,000.00 in U.S. Currency*, 2013 WL 5462320, at *2 (M.D. Fl. Oct. 2, 2013) ("Ayala has not filed a claim to contest the forfeiture of funds in the instant case and is not a party to the instant proceedings. As such, Ayala

lacks standing to contest the civil forfeiture and move for a stay."). This would be an essential and necessary step in order for any party to establish statutory and Article III standing.

Filing a claim, and ultimately answering the complaint, enables the plaintiff and the court to determine whether there is a "case and controversy" for Article III purposes because the claimant is required to admit, deny, or invoke the Fifth Amendment for each paragraph in the complaint. If all the facts are admitted or even a select group of key facts are admitted, there may be no controversy for Article III standing.

### C. Jesse Gonzales, Jennifer Gonzales, and Bill Omar Carrasquillo Cannot Use the Fifth Amendment to Avoid Their Burden of Production on Standing.

Jesse and Jennifer Gonzales seek to avoid complying with the plain language of 18 U.S.C. § 981(g)(2) by invoking their Fifth Amendment rights. They assert that:

> The continuation of the civil forfeiture proceeding will burden the right of the Claimants against self-incrimination in the related criminal investigation or case. Not only would the civil discovery process infringe upon Claimants' Fifth Amendment rights against self-incrimination, but the very filing of an answer would require the assertion of this right and the disclosure of defenses. Moreover, the filing of the required claim under Supplemental Fed. R. Civ. Pro. G(8)(c)(i)(A) would further eviscerate Claimants' Fifth Amendment privilege.

ECF No. 3 at para. 7.

Similarly, Bill Omar Carrasquillo seeks to avoid complying with the plain language of 18 U.S.C. § 981(g)(2) by invoking his Fifth Amendment rights. He asserts that:

> The continuation of the civil forfeiture proceeding will burden the right of the Claimants against self-incrimination in the related criminal investigation or case. Not only would the civil discovery process infringe upon Claimants' Fifth Amendment rights against self-incrimination, but the very filing of an answer would require the assertion of this right and the disclosure of defenses. Moreover, the filing of the required claim under Supplemental Fed. R. Civ. Pro. G(8)(c)(i)(A) would further eviscerate Claimants' Fifth Amendment privilege.

ECF No. 6 at para. 14.

This perceived Fifth Amendment issue is a red herring. To the extent that Jesse and Jennifer Gonzales and Bill Omar Carrasquillo wish to invoke the Fifth Amendment in their respective answers, they are free to do so. In answering the complaint, a claimant can admit, deny, or assert the Fifth Amendment. *Beth Israel Med. Ctr. v. Smith*, 576 F. Supp. 1061, 1072 (S.D.N.Y. 1983) ("[t]he defendants, of course, are entitled to assert their Fifth Amendment privilege in their answer. It is equally plain, however, that an answer must be filed and a decision made whether and to what extent the defendants wish to assert the privilege"); *S.E.C. v. Leach*, 156 F. Supp. 2d 491, 494 (E.D. Pa. 2001) ("While the Third Circuit has not explicitly held that a person may assert his privilege against self-incrimination when answering a complaint, this Court concludes that the privilege applies to answering a civil complaint if statements made in doing so could be incriminating in a criminal proceeding."). The mere existence of a parallel criminal investigation does not violate the claimant's constitutional rights. *United States v. $153,968.16 Seized from Bank of Am. Account No. XXXXXXXX8500*, 2007 WL 879422, at *3 (N.D. Ga. Mar. 21, 2007). To that end, courts have invalidated blanket invocations of the Fifth Amendment. *Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co.*, 615 F.2d 595, 600 (3d Cir. 1980) (denying the availability of a blanket Fifth Amendment privilege"); *Sec. & Exch. Comm'n v. First Fin. Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) ("[t]his Court has held that such a blanket assertion of the privilege is insufficient to relieve a party of the duty to respond to questions put to him, stating that 'even if the danger of self-incrimination is great, (the party's) remedy is not to voice a blanket refusal to produce his records or testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense.'") (citations omitted); *U.S. Commodity Futures Trading Comm'n v. A.S.*

*Templeton Grp., Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) (ordering defendant in civil case, who potentially faced criminal charges, to file an answer and to respond "to each allegation individually").

## IV. Conclusion

Based on the forgoing, the United States respectfully requests that the Court deny Jesse and Jennifer Gonzales's Amended Motion for a Stay without prejudice. The United States further respectfully requests that the Court deny Bill Omar Carrasquillo's Motion for a Stay without prejudice. In the event that Jesse and Jennifer Gonzales and Bill Omar Carrasquillo comply with the requirements of Section 981(g)(2) and establish that they have standing, the government anticipates that it would not oppose a future motion to stay should one be requested.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
Acting United States Attorney

SARAH L. GRIEB
Assistant United States Attorney
Chief, Asset Recovery and Victim Witness

/s/ *David Weisberg*
DAVID WEISBERG
Special Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| **v.** | : | **No. 21-CV-1755** |
| **$5,230,918.26 IN UNITED STATES CURRENCY SEIZED FROM TD BANK ACCOUNT # 432-9634011,** | : | |
| **$542,529.50 IN UNITED STATES CURRENCY SEIZED FROM NUVEI TECHNOLOGIES,** | : | |
| **$20,020.00 IN UNITED STATES CURRENCY,** | : | |
| **$1,190.00 IN UNITED STATES CURRENCY,** | : | |
| **$20,850.00 IN UNITED STATES CURRENCY,** | : | |
| **$80,000.00 IN UNITED STATES CURRENCY,** | : | |
| **$62,920.00 IN UNITED STATES CURRENCY,** | : | |
| **$294,971.33 IN UNITED STATES CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT # 3250 9092 0626,** | : | |
| **$446,428.56 IN UNITED STATES CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT # 3251 0986 9791,** | : | |
| **$173,250.00 IN UNITED STATES CURRENCY SEIZED FROM F&A FEDERAL CREDIT UNION ACCOUNT # 639700, and** | : | |
| **MISCELLANEOUS VEHICLES SEIZED FROM BILL OMAR CARRASQUILLO,** | : | |
| **Defendants In Rem.** | : | |

**ORDER**

AND NOW, this _____ day of ____________________, 2021, upon consideration of the Amended Motion of Jesse Gonzales and Jennifer Gonzales to Stay Proceedings and the Motion of Bill Omar Carrasquillo to Stay Proceedings, and the Government's Response to the Motions to Stay Proceedings, it is hereby ORDERED that the Amended Motion of Jesse Gonzales and Jennifer Gonzales to Stay Proceedings and the Motion of Bill Omar Carrasquillo to Stay Proceedings are DENIED.

____________________________________

**HONORABLE JOEL H. SLOMSKY**
**United States District Judge**

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the GOVERNMENT'S RESPONSE TO THE MOTIONS TO STAY PROCEEDINGS was served electronically through the District Court Electronic Case System, and or by email, upon:

Hope Lefeber, Esq.
hope@hopelefeber.com
Counsel for Jesse Gonzales and Jennifer Gonzales

Gregory Shields, Esq.
gshields@melawpa.com
Counsel for Bill Omar Carrasquillo

/s/ *David Weisberg*
DAVID WEISBERG
Special Assistant United States Attorney

Date: June 24, 2021.