# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| United States of America | § | CIVIL ACTION |
|      PLAINTIFF, | § | |
| | § | |
| v. | § | No. 21-CV-1755 |
| | § | |
| $5,230,918.26 IN UNITED STATES | § | |
| CURRENCY SEIZED FROM TD BANK | § | |
| ACCOUNT # 432-9634011, | § | |
| $542,529.50 IN UNITED STATES | § | |
| CURRENCY SEIZED FROM NUVEI | § | |
| TECHNOLOGIES, | § | |
| $20,202.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| $1,190.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| $20,850.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| $80,000.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| $62,920.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| $294,971.33 IN UNITED STATES | § | |
| CURRENCY  SEIZED FROM BANK | § | |
| OF AMERICA ACCOUNT # | § | |
| 3250 9092 0626 | § | |
| $446,428.56 IN UNITED STATES | § | |
| CURRENCY SEIZED FROM BANK | § | |
| OF AMERICA ACCOUNT # | § | |
| 3251 0986 9791, | § | |
| $173,250.00 IN UNITED STATES | § | |
| CURRENCY SEIZED FROM F&A | § | |
| FEDERAL CREDIT UNION ACCOUNT | § | |
| #639700, and | § | |
| MISCELLANEOUS VEHICLES SEIZED | § | |
| FROM BILL OMAR CARRASQUILLO, | § | |
|      Defendants In Rem. | § | |
|      DEFENDANTS | § | |

## ANSWER TO COMPLAINT FOR FORFEITURE IN REM

Claimant, BILL OMAR CARRASQUILLO ("Claimant"), by and through his undersigned counsel, hereby files his Answer and Affirmative Defenses to the Plaintiff's Civil Complaint for Forfeiture *In Rem* and says:

1.     The allegations in Paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, it is admitted only that the Plaintiff has filed a civil action in rem to forfeit and condemn to the use and benefit of the United States of America certain currency seized from various accounts and places.

2.     The allegations of Paragraph 2 of the Complaint are legal conclusions to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, it is denied that the currency in question is subject to forfeiture as alleged in the Complaint. By way of further response, it is admitted that the following sums of currency have been seized:

     (a) $5,230,918.26 in U.S. Currency seized from TD Bank Account # 432-9634011, in the name of Bill Omar Carasquillo;

     (b) $542,529.50 in U.S. Currency seized from Nuvei Technologies;

     (c) $20,020.00 in U.S. Currency seized on November 20, 2019, from North Hope Street, Philadelphia, Pennsylvania;

     (d) $1,190.00 in U.S. Currency seized on November 20, 2019, from Lorimer Avenue, Huntingdon Valley, Pennsylvania;

     (e) $20,850.00 in U.S. Currency seized from a 2020 Bentley Continental VIN #SCBCG2ZGILC074750;

     (f) $80,000.00 in U.S. Currency seized from a 2018 Mercedes Benz AMG VIN # WDD7X8KB9KA0011903;

     (g) $62,920.00 in U.S. Currency seized on November 20, 2019, from Terradell Street, Pico Rivera, California 90660;

(h) $294,971.33 in U.S. Currency seized from Bank of America Account # 3250 9092 0626;

(i) $446,428.56 in U.S. Currency seized from Bank of America Account # 3251 0986 9791; and

(j) $173,250.00 in U.S. Currency seized from F&A Federal Credit Union Account # 639700.

3.      The allegations of Paragraph 3 of the Complaint are legal conclusions to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, it is denied that the Defendant Vehicles are subject to forfeiture. By way of further response, it is admitted that the vehicles seized are:

(a) One 2019 Jeep Wrangler, VIN # 1C4HJXEG6KW570874;

(b) One 2018 Dodge Commercial ProMaster 2500 159" W.B. High Roof, VIN # 3C6TRVDG7JE1148833;

(c) One 2020 Lamborghini Huracan, VIN # ZHWUF4ZF9KKA12725;

(d) One 2019 Suzuki Motorcycle, VIN # JS1SK44A0K7101007;

(e) One 2019 Chevrolet Camaro, VIN # 1G1FH1R79K0108119;

(f) One 2018 Dodge Durango, VIN # 1C4SDJGJ4JC416019;

(g) One 2019 Suzuki DRZ400 Motorcycle, VIN # JS1SK44A3K7100952;

(h) One 2019 Yamaha 700R four wheel off road vehicle, VIN # 5Y4AM8631KA104297;

(i) One 2020 Jeep Gladiator, VIN # 1C6JJTBG2LL101726;

(j) One 2019 Dodge Challenger, VIN # 2C3CDZL9XKH591151;

(k) One 2018 Suzuki DRZ400 Motorcycle, VIN # JS1SK44A9J2102474;

(l) One 2017 Ford F350 truck, VIN # 1FT8W3DT9HED56274;

(m) One 2018 Can-Am Ryker, VIN # 3JB2FEG49KJ002752;

(n) One 2019 Audi A7, VIN # WAUS2AF24KN105368;

(o) One 2018 KTM 1290 Super Duke Motorcycle, VIN # VBKV39400JM987624;

(p) One 2019 Ford Mustang, VIN # 1FA6P8TH2K5180423;

(q) One 2019 Acura NSX, VIN # 19UNC1B0XKY000173;

(r) One 2015 Lamborghini Huracan, VIN # ZHWUC1ZF$FKA02602;

(s) One 2019 Lamborghini Aventador, VIN #ZHWUV4ZD9KLA07980;

(t) One 2018 Jeep Grand Cherokee, VIN # 1C4RJFN91JC405394;

(u) One 2019 Mercedes Benz GLE Class Utility AMG Sports Coupe, Vin # 4JGED6EB4KA139824;

(v) One 2020 Toyota Supra, VIN # WZ1DB4C05LW022111;

(w) One Bentley Continental GT / SuperSport Coupe, VIN # SCBCG2ZG1LC074750;

(x) One Jeep Grand Cherokee Trackhawk 4WD 6.2L V8 Supercharged, VIN # 1C4RJFN93JC224779;

(y) One 2016 Ford Mustang, VIN # 1FA6P8CF0G5319034;

(z) One 2016 Dodge Charger, VIN # 2C#CDXL9XGH312311;

(aa) One 2017 Chevrolet Tahoe, VIN # 1GNSKDEC8HR228971;

(bb) One 2019 Honda Civic, VIN # SHHFK8G70KU200613;

(cc) One 1996 Chevrolet Caprice, VIN # 1G1BL52P0TR122129;

(dd) One 2020 BMW M8, VIN # WBSAE0C00LBM08405;

(ee) One 2019 Chevrolet Corvette, VIN # 1G1YY2D77K5104515;

(ff) One 2019 Dodge Ram, VIN # 1C6SRFHT8KN533937;

(gg) One Backdraft Roadster Coupe, VIN # AE9BMAAH3H1MT1025;

(hh) One 2016 Dodge Challenger, VIN # 2C3CDZC91GH113370;

(ii) One Mercedes Benz GT63C4S, VIN # WDD7X8KB9KA001903;

(jj) One Dodge Grand Caravan SE, VIN # 2C4RDGBG5KR751876;

(kk)   One 2018 Polaris Outlaw, VIN # RF3YAK05XJT065024;

(ll) One 2019 Polaris Ranger XP with Plow, Vin # 4XARRW990K8546570;

(mm)   One 2019 Yamaha 50 Child's Motorcycle, VIN # LBPCA0230K0013324;

(nn)   One 2020 Yamaha PW50, VIN # JYA3PT136LA028317;

(oo)   One 2018 KTM 690 Duke, VIN # VBKLDV401JM714429;

(pp)   One 2019 Yamaha Raptor ATV, VIN # RF3AB1131KT004006;

(qq)   One 2019 Honda 110 Motorcycle, VIN # LALJE024XK3101900;

(rr) One 2019 Polaris RZR ATV, Vin # RF3YAV171KT029290;

(ss) One 2019 Honda TRX ATZ, VIN # 1HFTE2733K4801310;

(tt) One 2019 Honda 110 Motorcycle, VIN # LALJE0245K3102145;

(uu)   One 2019 KTM 790 Duke, VIN # VBKTU6406KM739334;

(vv)   One 2019 KTM 390 Duke Motorcycle, CIN #MD2JPJ401KC16497;

(ww)   One 2019 KTM 390 Duke Motorcycle, VIN #MD2JPJ402KC206710;

(xx)   One 2018 Honda CTX700N Motorcycle, VIN # JH2RC6849JK300174;

(yy)   One 2019 Honda Rebel 500 Motorcycle, VIN # MLHPC5605K5201678;

(zz)   One 2018 Honda Rebel 500 Motorcycle, VIN # MLHPC5601J5100071;

(aaa)   One 2019 KTM 790 Motorcycle, VIN # VBKTR3409KM765748;

(bbb)   One 2019 Honda CRF450L Motorcycle, VIN # JH2PD1115KK002373;

(ccc)   One 2019 Yamaha Yz125 Motorcycle, VIN # JYACEE16C6KA039562;

(ddd)   One 2019 Lamborghini Urus, 2019, VIN # ZPBUA1ZL9KLA01398;

(eee)   One 2020 Audi R8, VIN # WUAEEAFX1L7900342;

(fff)   Net proceeds in the amount of $6,000.00 in lieu of one 2018 Yamaha Raptor 700 all terrain vehicle seized in Deptford, New Jersey on December 17, 2019.

4.      The allegations of Paragraph 4 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 4 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

5.      The allegations of Paragraph 5 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 5 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

## JURISDICTION AND VENUE

6.      The allegations of Paragraph 6 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent a response may be required, Claimant asserts that the statutes referenced in Paragraph 6 of the Complaint speak for themselves. Claimant further denies that this Honorable Court has jurisdiction over this action in order to preserve all appropriate defenses and therefore Plaintiff's allegations are denied.

7.      The allegations of Paragraph 7 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimant denies that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

8.      The allegations of Paragraph 8 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimant denies that acts or omissions giving rise to this forfeiture occurred in this district and, therefore, deny that the venue is proper in this district. By way of further response, Claimant asserts that the statutes referenced in Paragraph 8 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

## THE DEFENDANTS IN REM

9.      Admitted in part. It is admitted only that Plaintiff has identified Defendant Currency it believes subject to forfeiture in Paragraph 2 of the Complaint. The remaining allegations of Paragraph 9 are denied.

10.      Admitted in part. It is admitted only that Plaintiff has identified Defendant Vehicles it believes subject to forfeiture in Paragraph 3 of the Complaint. The remaining allegations of Paragraph 10 are denied.

11.      Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies the allegations contained therein.

## BASIS FOR FORFEITURE

12.      The allegations of Paragraph 12 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 12 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

13.      The allegations of Paragraph 13 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a

response may be required, Claimant asserts that the statutes referenced in Paragraph 13 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied. By way of further response, it is denied that the Defendant Property is subject to forfeiture because it was used, in any manner or part to commit or facilitate the commission of violations of 17 U.S.C. §506 and/or 18 U.S.C. §2319, it is further denied that the Defendant Property is property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of violations of the statutes named.

## STATUTORY BACKGROUND

14.     The allegations of Paragraph 14 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 14 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

15.     The allegations of Paragraph 15 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 15 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

16.     The allegations of Paragraph 16 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 16 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

17.     The allegations of Paragraph 17 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 17 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

18.     The allegations of Paragraph 18 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 18 of the Complaint speak for themselves. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

## FACTS

19.     The allegations of Paragraph 19 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response may be required, Claimant denies the allegations of Paragraph 19. By way of further response, Claimant asserts that the statutes referenced in Paragraph 19 of the Complaint speak for themselves. By way of further response, portions of Paragraph 19 of the Complaint are addressed to property of claimants other than the Answering Claimant and as such, same are denied. Denied that Claimant has violated the cited Act and therefore Plaintiff's allegations are denied.

20.     Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny all allegations contained therein.

21.     Claimant denies that the allegations of Paragraph 21 of the Complaint are true and correct.

22.     Claimant denies that the allegations of Paragraph 22 of the Complaint are true and correct.

23.     Claimant denies that the allegations of Paragraph 23 of the Complaint are true and correct.

24.     The allegations in Paragraph 24 contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimant denies that the allegations in Paragraph 24 of the Complaint are true and correct.

25.     Claimant denies that the allegations of Paragraph 25 of the Complaint are true and correct.

26.     Claimant denies that the allegations of Paragraph 26 of the Complaint are true and correct.

27.     Claimant denies that the allegations of Paragraph 27 of the Complaint are true and correct.

28.     Claimant denies that the allegations of Paragraph 28 of the Complaint are true and correct.

29.     Claimant denies that the allegations of Paragraph 29 of the Complaint are true and correct.

30.     Claimant denies that the allegations of Paragraph 30 of the Complaint are true and correct.

31.     Claimant denies that the allegations of Paragraph 31 of the Complaint are true and correct.

32.     Claimant denies that the allegations of Paragraph 32 of the Complaint are true and correct.

33.     Claimant denies that the allegations of Paragraph 33 of the Complaint are true and correct.

34.     Claimant denies that the allegations of Paragraph 34 of the Complaint are true and correct.

35.     Claimant denies that the allegations of Paragraph 35 of the Complaint are true and correct.

36.     The allegations in Paragraph 36 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimant denies that the allegations in Paragraph 36 of the Complaint are true and correct. By way of further response, Claimant asserts that the statutes referenced in Paragraph 36 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

## **DEFENDANT CURRENCY**

37.     Claimant denies that the allegations contained in Paragraph 37 of the Complaint are true and correct.

38.     Claimant denies that the allegations contained in Paragraph 38 of the Complaint are true and correct.

39.     Claimant denies that the allegations contained in Paragraph 39 of the Complaint are true and correct.

40.     Claimant denies that the allegations contained in Paragraph 40 of the Complaint are true and correct.

41. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore denies all allegations contained therein.

42. Claimant denies that the allegations contained in Paragraph 42 of the Complaint are true and correct.

43. Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies all allegations contained therein.

44. The allegations in Paragraph 44 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. By way of further response, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny all allegations contained therein.

45. Claimant denies that the allegations contained in Paragraph 45 of the Complaint are true and correct.

46. The allegations in Paragraph 46 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. By way of further response, Claimant denies that the allegations contained in Paragraph 46 of the Complaint are true and correct.

47. The allegations in Paragraph 47 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimant denies that the allegations contained in Paragraph 47 of the Complaint are true and correct.

48.     The allegations of Paragraph 48 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore deny all allegations contained therein.

49.     The allegations of Paragraph 49 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. To the extent that a response may be required, it is admitted only that federal agents seized currency and vehicles owned by Claimant, the remaining allegations of Paragraph 49 are denied.

50.     The allegations of Paragraph 50 of the Compliant contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimant denies that the allegations contained in Paragraph 50 of the Complaint are true and correct.

51.     The allegations of Paragraph 51 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore denies all allegations contained therein.

52.     The allegations of Paragraph 52 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 52 of the Complaint are addressed to property of claimants other than the Answering Claimant and as such, same are denied.

53.     The allegations of Paragraph 53 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny all allegations contained therein.

54.     The allegations of Paragraph 54 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 19 of the Complaint are addressed to property of claimants other than the Answering Claimant and as such, same are denied.

55.     The allegations of Paragraph 55 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore deny all allegations contained therein.

56.     The allegations of Paragraph 56 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore deny all allegations contained therein.

57.     The allegations of Paragraph 57 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore deny all allegations contained therein.

By way of further response, portions of Paragraph 57 of the Complaint are addressed to property of claimants other than the Answering Claimant and as such, same are denied.

58.     Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 58 of the Complaint are addressed to property of claimants other than the Answering Claimant and as such, same are denied.

59.     The allegations of Paragraph 59 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 19 of the Complaint are addressed to property of claimants other than the Answering Claimant and as such, same are denied.

WHEREFORE, Claimant Carrasquillo respectfully requests that this Court enter a judgment in his favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimant.

## **DEFENDANT VEHICLES**

60.     The allegations of Paragraph 60 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 60 are true and correct.

61.     The allegations of Paragraph 61 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 61 are true and correct.

62.     The allegations of Paragraph 62 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 62 are true and correct.

63.     The allegations of Paragraph 63 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 63 are true and correct.

64.     The allegations of Paragraph 64 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 64 are true and correct.

65.     The allegations of Paragraph 65 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 65 are true and correct.

66.     The allegations of Paragraph 66 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 66 are true and correct.

67.     The allegations of Paragraph 67 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 67 are true and correct.

68.     The allegations of Paragraph 68 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent a response may be required, Claimant denies that the allegations in Paragraph 68 are true and correct.

69.     Admitted that Claimant had an ownership or possessory interest in all of the Defendant vehicles seized. The remainder of the allegations of Paragraph 69 of the Complaint are denied.

70.     Claimant denies that the allegations contained in Paragraph 70 of the Complaint are true and correct.

WHEREFORE, Claimant Carrasquillo respectfully requests that this Court enter a judgment in his favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimant.

## **CLAIM FOR FORFEITURE**

71.     The allegations of Paragraph 71 of the Complaint contain conclusions of law to which no response is required. To the extent that a response may be required, Claimant asserts that the statutes referenced in Paragraph 71 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

WHEREFORE, Claimant Carrasquillo respectfully requests that this Court enter a judgment in his favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimant violated 18 U.S.C. §1957, is a claim upon which relief cannot be granted because Claimant was engaged in a legal business activity and the funds were derived from such lawful activity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimant violated 18 U.S.C. §2319, is a claim upon which relief cannot be granted because Claimant was engaged in a legal business activity and the funds were derived from such lawful activity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimant violated 17 U.S.C. §506, is a claim upon which relief cannot be granted because Claimant was engaged in a legal business activity and funds were derived from such lawful activity.

### FOURTH AFFIRMATIVE DEFENSE

Claimant acted in good faith at all times relevant to the Compliant.

### FIFTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are compound, vague, and ambiguous.

### SIXTH AFFIRMATIVE DEFENSE

Claimant, as an innocent owner, did not know, or have reason to know, that the property in question is being employed or was likely to be employed for criminal activity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant property violates the Claimant's Fourth Amendment right to be free from illegal searches and seizures.

## EIGTH AFFIRMATIVE DEFENSE

The government is estopped from obtaining a forfeit judgment because it obtained the seizure warrant through incorrect, misleading, or incomplete allegations.

## NINTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

## TENTH AFFIRMATIVE DEFENSE

The government cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate.

## ELEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeit judgment because it has not acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff must be estopped from pursuing this civil forfeiture action as it is based on an inadequate investigation and insufficient analysis of the Claimant's actual business model and finances.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff must be estopped from obtaining a forfeiture judgment as it has prematurely seized the property.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have probable cause to believe that Claimant's property was involved in illegal activity prior to the filing of its Complaint in forfeiture.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a valid cause of action upon which relief may be granted inasmuch as it has failed to allege sufficient facts from which any legitimate inference can be drawn that the Claimant's property was connected to illegal activity under the cited Acts.

WHEREFORE, Claimant Carrasquillo respectfully requests that this Court enter a judgment in his favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimant.

## RESERVATION OF RIGHTS

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

Claimant in no way waives or withdraws his request for a stay of these proceedings as previously filed with the Court.

## CLAIMANT'S DEMAND FOR JURY TRIAL

Claimant hereby demands a trial by jury of all issues so triable.

**MILLS & EDWARDS, LLP**

*/s/ Christopher P. Kristofco*

Christopher P. Kristofco,
Gregory S. Shields,
Mills & Edwards, LLP
107 Chesley Drive Suite 5A
Media, PA 19063
(215) 279-8810
chris@melawpa.com
PA I.D. No.: 200880
Attorneys for Claimant,
Bill Omar Carrasquillo

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer and Affirmative Defenses was served on this

16th day of July, 2021 via the Court's electronic filing system upon the following counsel:

Hope Lefeber, Esq.
Counsel for Jesse Gonzales and Jennifer Gonzales

David Weisberg, Esquire
Special Assistant United States Attorney

**MILLS & EDWARDS, LLP**

_/s/ Christopher P. Kristofco_
Christopher P. Kristofco,
Gregory S. Shields,
Mills & Edwards, LLP
107 Chesley Drive Suite 5A
Media, PA 19063
(215) 279-8810
chris@melawpa.com
PA I.D. No.: 200880
Attorneys for Claimant,
Bill Omar Carrasquillo