## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

|                                                            |   |                     |
|------------------------------------------------------------|---|---------------------|
| **Plaintiff,**                                             | : |                     |
| **v.**                                                     |   |                     |
| **$5,230,918.26 IN UNITED STATES**                         | : |                     |
| **CURRENCY SEIZED FROM TD BANK**                           |   | **CIVIL ACTION**    |
| **ACCOUNT # 432-9634011,**                                 |   |                     |
| **$542,529.50 IN UNITED STATES CURRENCY**                  | : | **No. 21-CV-1755**  |
| **SEIZED FROM NUVEI TECHNOLOGIES,**                        |   |                     |

**$20,020.00 IN UNITED STATES CURRENCY,**
**$1,190.00 IN UNITED STATES CURRENCY,**
**$20,850.00 IN UNITED STATES CURRENCY,**
**$80,000.00 IN UNITED STATES CURRENCY,**
**$62,920.00 IN UNITED STATES CURRENCY,**
**$294,971.33 IN UNITED STATES CURRENCY**
**SEIZED FROM BANK OF AMERICA**
**ACCOUNT # 3250 9092 0626,**
**$446,428.56 IN UNITED STATES CURRENCY**
**SEIZED FROM BANK OF AMERCIA**
**ACCOUNT # 3251 0986 9791,**
**$173,250.00 IN UNITED STATES CURRENCY**
**SEIZED FROM F&A FEDERAL CREDIT**
**UNION ACCOUNT # 639700, and**
**MISCELLANEOUS VEHICLES SEIZED**
**FROM BILL OMAR CARRASQUILLO,**

**Defendants In Rem.**

## ANSWER TO CIVIL COMPLAINT
## FOR
## FORFEITURE *IN REM*

Claimants, Jesse Gonzalez and Jennifer Gonzales, (collectively referred to as "Claimants"),

by and through their undersigned counsel, hereby file their Answer and Affirmative defenses to the

Plaintiff's Civil Complaint For Forfeiture *In Ren* and say:

1.      The allegations in Paragraph 1 of the Complaint are legal conclusions to which no

responsive pleading is required and, as such, same are denied. To the extent that a response may be

required, it is admitted only that the Plaintiff has filed a civil action in rem to forfeit and condemn to the use and benefit of the United States of America certain currency seized from various accounts and places.

   2.  The allegations of Paragraph 2 of the Complaint are legal conclusions to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, it is denied that the currency in question is subject to forfeiture as alleged in the Complaint. By way of further response, it is admitted that the following sums of currency have been seized:

    a. $5,230,918.26 in U.S. Currency seized from TD Bank Account # 432-9634011, in the name of Bill Omar Carasquillo;

    b. $542,529.50 in U.S. Currency seized from Nuvei Technologies;

    c. $20,020.00 in U.S. Currency seized on November 20, 2019, from North Hope Street, Philadelphia, Pennsylvania;

    d. $1,190.00 in U.S. Currency seized on November 20, 2019, from Lorimer Avenue, Huntingdon Valley, Pennsylvania;

    e. $20,850.00 in U.S. Currency seized from a 2020 Bentley Continental VIN #SCBCG2ZGILC074750;

    f. $80,000.00 in U.S. Currency seized from a 2018 Mercedes Benz AMG VIN # WDD7X8KB9KA0011903;

    g. $62,920.00 in U.S. Currency seized on November 20, 2019, from Terradell Street, Pico Rivera, California 90660;

    h. $294,971.33 in U.S. Currency seized from Bank of America Account # 3250 9092 0626;

    i. $446,428.56 in U.S. Currency seized from Bank of America Account # 3251 0986 9791; and

    j. $173,250.00 in U.S. Currency seized from F&A Federal Credit Union Account # 639700.

3.     The allegations of Paragraph 3 of the Complaint are legal conclusions to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, it is denied that the Defendant Vehicles are subject to forfeiture. By way of further response, it is admitted that the vehicles seized are:

a.   One 2019 Jeep Wrangler, VIN # 1C4HJXEG6KW570874;

b.   One 2018 Dodge Commercial ProMaster 2500 159" W.B. High Roof, VIN # 3C6TRVDG7JE1148833;

c.   One 2020 Lamborghini Huracan, VIN # ZHWUF4ZF9KKA12725;

d.   One 2019 Suzuki Motorcycle, VIN # JS1SK44A0K7101007;

e.   One 2019 Chevrolet Camaro, VIN # 1G1FH1R79K0108119;

f.   One 2018 Dodge Durango, VIN # 1C4SDJGJ4JC416019;

g.   One 2019 Suzuki DRZ400 Motorcycle, VIN # JS1SK44A3K7100952;

h.   One   2019 Yamaha 700R four wheel off road vehicle, VIN # 5Y4AM8631KA104297;

i.   One 2020 Jeep Gladiator, VIN # 1C6JJTBG2LL101726;

j.   One 2019 Dodge Challenger, VIN # 2C3CDZL9XKH591151;

k.   One 2018 Suzuki DRZ400 Motorcycle, VIN # JS1SK44A9J2102474;

l.   One 2017 Ford F350 truck, VIN # 1FT8W3DT9HED56274;

(m)One 2018 Can-Am Ryker, VIN # 3JB2FEG49KJ002752;

(n) One 2019 Audi A7, VIN # WAUS2AF24KN105368;

(o) One 2018 KTM 1290 Super Duke Motorcycle, VIN # VBKV39400JM987624;

(p) One 2019 Ford Mustang, VIN # 1FA6P8TH2K5180423;

(q) One 2019 Acura NSX, VIN # 19UNC1B0XKY000173;

(r) One 2015 Lamborghini Huracan, VIN # ZHWUC1ZF$FKA02602;

(s) One 2019 Lamborghini Aventador, VIN #ZHWUV4ZD9KLA07980;

(t) One 2018 Jeep Grand Cherokee, VIN # 1C4RJFN91JC405394;

(u) One 2019 Mercedes Benz GLE Class Utility AMG Sports Coupe, Vin # 4JGED6EB4KA139824;

(v) One 2020 Toyota Supra, VIN # WZ1DB4C05LW022111;

(w) One Bentley Continental GT / SuperSport Coupe, VIN # SCBCG2ZG1LC074750;

(x) One Jeep Grand Cherokee Trackhawk 4WD 6.2L V8 Supercharged, VIN # 1C4RJFN93JC224779;

(y) One 2016 Ford Mustang, VIN # 1FA6P8CF0G5319034;

(z) One 2016 Dodge Charger, VIN # 2C#CDXL9XGH312311;

(aa) One 2017 Chevrolet Tahoe, VIN # 1GNSKDEC8HR228971;

(bb) One 2019 Honda Civic, VIN # SHHFK8G70KU200613;

(cc) One 1996 Chevrolet Caprice, VIN # 1G1BL52P0TR122129;

(dd) One 2020 BMW M8, VIN # WBSAE0C00LBM08405;

(ee) One 2019 Chevrolet Corvette, VIN # 1G1YY2D77K5104515;

(ff) One 2019 Dodge Ram, VIN # 1C6SRFHT8KN533937;

(gg) One Backdraft Roadster Coupe, VIN # AE9BMAAH3H1MT1025;

(hh) One 2016 Dodge Challenger, VIN # 2C3CDZC91GH113370;

(ii) One Mercedes Benz GT63C4S, VIN # WDD7X8KB9KA001903;

(jj) One Dodge Grand Caravan SE, VIN # 2C4RDGBG5KR751876;

(kk)    One 2018 Polaris Outlaw, VIN # RF3YAK05XJT065024;

(ll) One 2019 Polaris Ranger XP with Plow, Vin # 4XARRW990K8546570;

(mm) One 2019 Yamaha 50 Child's Motorcycle, VIN # LBPCA0230K0013324;

(nn)    One 2020 Yamaha PW50, VIN # JYA3PT136LA028317;

(oo)    One 2018 KTM 690 Duke, VIN # VBKLDV401JM714429;

(pp)    One 2019 Yamaha Raptor ATV, VIN # RF3AB1131KT004006;

(qq)    One 2019 Honda 110 Motorcycle, VIN # LALJE024XK3101900;

(rr) One 2019 Polaris RZR ATV, Vin # RF3YAV171KT029290;

(ss) One 2019 Honda TRX ATZ, VIN # 1HFTE2733K4801310;

(tt) One 2019 Honda 110 Motorcycle, VIN # LALJE0245K3102145;

(uu)    One 2019 KTM 790 Duke, VIN # VBKTU6406KM739334;

(vv)    One 2019 KTM 390 Duke Motorcycle, CIN #MD2JPJ401KC16497;

(ww)    One 2019 KTM 390 Duke Motorcycle, VIN #MD2JPJ402KC206710;

(xx)    One 2018 Honda CTX700N Motorcycle, VIN # JH2RC6849JK300174;

(yy)    One 2019 Honda Rebel 500 Motorcycle, VIN # MLHPC5605K5201678;

(zz)    One 2018 Honda Rebel 500 Motorcycle, VIN # MLHPC5601J5100071;

(aaa)    One 2019 KTM 790 Motorcycle, VIN # VBKTR3409KM765748;

(bbb) One 2019 Honda CRF450L Motorcycle, VIN # JH2PD1115KK002373;

(ccc)    One 2019 Yamaha Yz125 Motorcycle, VIN # JYACEE16C6KA039562;

(ddd)    One 2019 Lamborghini Urus, 2019, VIN # ZPBUA1ZL9KLA01398;

(eee)    One 2020 Audi R8, VIN # WUAEEAFX1L7900342;

(fff)   Net proceeds in the amount of $6,000.00 in lieu of one 2018 Yamaha Raptor 700 all terrain vehicle seized in Deptford, New Jersey on December17, 2019.

4.      The allegations of Paragraph 4 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may  be required, Claimants assert that the statutes referenced in Paragraph 4 of the Complaint speak for themselves. Denied that Claimants have violated the cited Act and therefore Plaintiff's allegations are denied.

5.      The allegations of Paragraph 5 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may  be required, Claimants assert that the statutes referenced in Paragraph 5 of the Complaint speak for themselves. Denied that Claimants have violated the cited Act and therefore Plaintiff's allegations are denied.

## JURISDICTION AND VENUE

6.      The allegations of Paragraph 6 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent a response may be required, Claimants assert that the statutes referenced in Paragraph 6 of the Complaint speak for themselves. Claimants further deny that this Honorable Court has jurisdiction over this action in order to preserve all appropriate defenses and therefore Plaintiff's allegations are denied.

7.      The allegations of Paragraph 7 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may  be required, Claimants deny that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

8.      The allegations of Paragraph 8 of the Complaint are legal conclusions to which no response is required, and as such, same are denied. To the extent that a response may  be required, Claimants deny that acts or omissions giving rise to this forfeiture occurred in this district and,

therefore, deny that the venue is proper in this district. By way of further response, Claimants assert that the statutes referenced in Paragraph 8 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

## THE DEFENDANTS IN REM

9.      Admitted in part. It is admitted only that Plaintiff has identified Defendant Currency it believes subject to forfeiture in Paragraph 2 of the Complaint. The remaining allegations of Paragraph 9 are denied.

10.     Admitted in part. It is admitted only that Plaintiff has identified Defendant Vehicles it believes subject to forfeiture in Paragraph 3 of the Complaint. The remaining allegations of Paragraph 10 are denied.

11.     Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny the allegations contained therein.

## BASIS FOR FORFEITURE

12      The allegations of Paragraph 12 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 12 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

13      The allegations of Paragraph 13 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a

response may be required, Claimants assert that the statutes referenced in Paragraph 13 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied. By way of further response, it is denied that the Defendant Property is subject to forfeiture because it was used, in any manner or part to commit or facilitate the commission of violations of 17 U.S.C. §506 and/or 18 U.S.C. §2319, it is further denied that the Defendant Property is property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of violations of the statutes named.

## **STATUTORY BACKGROUND**

14      The allegations of Paragraph 14 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 14 of the Complaint speak for themselves. Denied that Claimants has violated the cited Act and therefore Plaintiff's allegations are denied.

15      The allegations of Paragraph 15 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 15 of the Complaint speak for themselves. Denied that Claimants have violated the cited Act and therefore Plaintiff's allegations are denied.

16      The allegations of Paragraph 16 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 16 of the Complaint speak for themselves. Denied that Claimants have violated the cited Act and therefore Plaintiff's allegations are denied.

17      The allegations of Paragraph 17 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 17 of the Complaint speak for themselves. Denied that Claimants have violated the cited Act and therefore Plaintiff's allegations are denied.

18      The allegations of Paragraph 18 of the Complaint contain conclusions of law to which no responsive pleading is required and, as such, same are denied. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 18 of the Complaint speak for themselves. Denied that Claimants have violated the cited Act and therefore Plaintiff's allegations are denied.

## **FACTS**

19      The allegations of Paragraph 19 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent a response may be required, Claimants deny the allegations of Paragraph 19. By way of further response, Claimants assert that the statutes referenced in Paragraph 19 of the Complaint speak for themselves. By way of further response, portions of Paragraph 19 of the Complaint are addressed to property of claimants other than the Answering Claimants and as such, same are denied. Denied that Claimants have  violated the cited Act and therefore Plaintiff's allegations are denied.

20      Claimants deny that the allegations contained in Paragraph 20 of the Complaint are true and correct.

21      Claimants deny that the allegations of Paragraph 21 of the Complaint are true and correct.

22      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny all allegations contained therein.

23      Claimants deny that the allegations of Paragraph 23 of the Complaint are true and correct.

24      The allegations in Paragraph 24 contain conclusions of law to which  no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants deny that the allegations in Paragraph 24 of the Complaint are true and correct.

25      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny all allegations contained therein.

26      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny all allegations contained therein.

27      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny all allegations contained therein.

28      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore deny all allegations contained therein.

29      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore deny all allegations contained therein.

30      Claimants are without sufficient knowledge to form a belief as to the truth of the

allegations contained in Paragraph 30 of the Complaint and therefore deny all allegations contained therein.

31     Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny all allegations contained therein.

32      Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny all allegations contained therein.

33.     Claimants deny that the allegations of Paragraph 33 of the Complaint are true and correct.

34.     Claimants deny that the allegations of Paragraph 34 of the Complaint are true and correct.

35.     Claimants deny that the allegations of Paragraph 35 of the Complaint are true and correct.

36.     The allegations in Paragraph 36 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants deny that the allegations in Paragraph 36 of the Complaint are true and correct. By way of further response, Claimants assert that the statutes referenced in Paragraph 36 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

## **DEFENDANT CURRENCY**

37.     Claimants deny that the allegations contained in Paragraph 37 of the Complaint are true and correct.

38.     Claimants deny that the allegations contained in Paragraph 38 of the Complaint

are true and correct.

39.     Claimants deny that the allegations contained in Paragraph 39 of the Complaint are true and correct.

40.     Claimants deny that the allegations contained in Paragraph 40 of the Complaint are true and correct.

41.     Claimants is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint and therefore deny all allegations contained therein.

42.     Claimants deny that the allegations contained in Paragraph 42 of the Complaint are true and correct.

43.     Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore deny all allegations contained therein.

44.     The allegations in Paragraph 44 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. By way of further response, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny all allegations contained therein.

45.     Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies all allegations contained therein.

46.     The allegations in Paragraph 46 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. By way of further response, Claimants deny that the allegations contained in Paragraph 46 of the Complaint are true and correct.

47.     The allegations in Paragraph 47 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimants deny that the allegations contained in Paragraph 47 of the Complaint are true and correct.

48.     The allegations of Paragraph 48 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore deny all allegations contained therein.

49.     The allegations of Paragraph 49 of the Complaint contain conclusions of law to which no response is required, and as such, same are denied. By way of further response, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore deny all allegations contained therein.

50.     The allegations of Paragraph 50 of the Compliant contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants deny that the allegations contained in Paragraph 50 of the Complaint are true and correct.

51.     The allegations of Paragraph 51 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response maybe required, it is admitted only that federal agents seized currency in the name of Claimant, Jesse Gonzales; the remaining allegations of Paragraph 51 are denied.

52.     The allegations of Paragraph 52 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimants deny that the allegations contained in Paragraph 52 of the Complaint are true and correct.

53.     The allegations of Paragraph 53 of the Complaint contain conclusions of law to

which no responsive pleading is required. To the extent that a response maybe required, it is admitted only that federal agents seized currency in the name of Claimant, Jesse Gonzales; the remaining allegations of Paragraph 53 are denied.

54.    The allegations of Paragraph 54 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimants deny that the allegations contained in Paragraph 54 of the Complaint are true and correct.

55.    The allegations of Paragraph 55 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response maybe required, it is admitted only that federal agents seized currency in the name of Claimants; the remaining allegations of Paragraph 55 are denied.

56.    The allegations of Paragraph 56 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response maybe required, it is admitted only that federal agents seized currency at Claimants' home; the remaining allegations of Paragraph 56 are denied.

57.    The allegations of Paragraph 57 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore deny all allegations contained therein.

58.    Claimants deny that the allegations contained in Paragraph 58 of the Complaint are true and correct.  To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny all allegations contained therein.

59.    The allegations of Paragraph 59 of the Complaint contain conclusions of law to which no responsive pleading is required. By way of further response, Claimants deny that the

14

allegations contained in Paragraph 59 of the Complaint are true and correct.

WHEREFORE, Jesse Gonzales and Jennifer Gonzales respectfully request that this Court enter a judgment in their favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimants.

## DEFENDANT VEHICLES

60.     The allegations of Paragraph 60 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 60 of the Complaint are addressed to property of claimants other than the Answering Claimants and as such, same are denied.

61.     The allegations of Paragraph 61 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and therefore deny all allegations contained therein.  By way of further response, portions of Paragraph 61 of the Complaint are addressed to property of claimants other than the Answering Claimants and as such, same are denied.

62.     The allegations of Paragraph 62 of the Complaint contain conclusions of law to which no responsive pleading is required. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint and therefore deny all allegations contained therein.  By way of further response, portions of Paragraph 62 of the Complaint are addressed to property of claimants other than the Answering Claimants and as such, same are denied.

63.     The allegations of Paragraph 63 of the Complaint contain conclusions of law to

which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 63 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

64.    The allegations of Paragraph 64 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 64 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

65.    The allegations of Paragraph 65 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied.  To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 65 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

66.    The allegations of Paragraph 66 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 66 of the

Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

67.     The allegations of Paragraph 67 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 67 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

68.     The allegations of Paragraph 68 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 68 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

69.     The allegations of Paragraph 69 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 69 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

70.     The allegations of Paragraph 70 of the Complaint contain conclusions of law to which no responsive pleading is required, and as such, same are denied. To the extent that a

response may be required, Claimants are without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore deny all allegations contained therein. By way of further response, portions of Paragraph 70 of the Complaint are addressed to property of claimants other than  the Answering Claimants and as such, same are denied.

WHEREFORE, Jesse Gonzales and Jennifer Gonzales respectfully request that this Court enter a judgment in their favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimants.

## CLAIM FOR FORFEITURE

71.    The allegations of Paragraph 71 of the Complaint contain conclusions of law to which no response is required. To the extent that a response may be required, Claimants assert that the statutes referenced in Paragraph 71 of the Complaint speak for themselves and therefore Plaintiff's allegations are denied.

WHEREFORE, Claimants Jesse and Jennifer Gonzales respectfully request that this Court enter a judgment in their favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimants violated 18 U.S.C. §1957, is a claim upon which relief cannot be granted because Claimants were engaged in a legal business activity and the funds were derived from such lawful activity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimant violated 18 U.S.C. §2319, is a claim upon which relief cannot be granted because Claimants were engaged in a legal business activity and the funds were derived from such lawful activity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimant violated 17 U.S.C. §506, is a claim upon which relief cannot be granted because Claimants were engaged in a legal business activity and funds were derived from such lawful activity.

### FOURTH AFFIRMATIVE DEFENSE

Claimants acted in good faith at all times relevant to the Compliant.

### FIFTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are compound, vague, and ambiguous.

### SIXTH AFFIRMATIVE DEFENSE

Claimants, as an innocent owners, did not know, or have reason to know, that the propertyin question is being employed or was likely to be employed for criminal activity.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant property violates the Claimant's Fourth Amendment right to be free from illegal searches and seizures.

## EIGTH AFFIRMATIVE DEFENSE

The government is estopped from obtaining a forfeit judgment because it obtained the seizure warrant through incorrect, misleading, or incomplete allegations.

## NINTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

## TENTH AFFIRMATIVE DEFENSE

The government cannot obtain the forfeiture it seeks because the result would be constitutionally disproportionate.

## ELEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeit judgment because it has not acted in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff must be estopped from pursuing this civil forfeiture action as it is based on an inadequate investigation and insufficient analysis of the Claimants' actual business model and finances.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff must be estopped from obtaining a forfeiture judgment as it has prematurely seized the property.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not have probable cause to believe that Claimants' property was involved in illegal activity prior to the filing of its Complaint in forfeiture.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a valid cause of action upon which relief may be granted inasmuch as it has failed to allege sufficient facts from which any legitimate inference can be drawn that the Claimants; property was connected to illegal activity under the cited Acts.

WHEREFORE, Claimants Jesse and Jennifer Gonzales respectfully request that this Court enter a judgment in their favor and against the United States of America with regard to the seized property as set forth herein, returning it to Claimants.

## RESERVATION OF RIGHTS

Claimants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

Claimants in no way waive or withdraw their request for a stay of these proceedings aspreviously filed with the Court.

## CLAIMANT'S DEMAND FOR JURY TRIAL

Claimants hereby demand a trial by jury of all issues so triable.

HOPE C. LEFEBER, LLC

By:

_____
HOPE C. LEFEBER, ESQUIRE

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served all counsel of record by electronic filing on the ECF.


\_\_/s/_____

Dated:  July 28, 2021                         Hope C. Lefeber, Esq.

22